UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAUREN TRAULSEN, an individual,

    Plaintiff,

vs.

CASE NO.:

2:17-CV-360-FtM-38MRM

JACK'S BAIT SHACK, INC., a Florida profit corporation, GREGORY H. KOOGLE, an individual, and RICHARD P. WHITTIER, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Lauren Traulsen ("Plaintiff"), hereby sues Defendants, Jack's Bait Shack, Inc. ("Jack's Bait Shack"), Gregory H. Koogle ("Koogle"), and Richard P. Whittier ("Whittier") (collectively hereinafter, "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"), for unpaid minimum wage compensation, recovery of employee tips, liquidated damages, attorneys' fees and costs and other relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 216 and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in the Middle District of Florida, Fort Myers Division.

## PARTIES

4. At all times pertinent, Plaintiff was a resident of Lee County, Florida and worked for Defendants within the Middle District of Florida, Fort Myers Division.

5. Defendant Jack's Bait Shack was and is a Florida profit corporation conducting business in the Middle District of Florida, Fort Myers Division and subject to the requirements of the FLSA.

6. Defendant Koogle was and is an individual who operated Defendant Jack's Bait Shack, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Jack's Bait Shack and over Plaintiff, Defendant Koogle is an employer as defined by 29 U.S.C. § 201 et seq.

7. Defendant Whittier was and is an individual who operated Defendant Jack's Bait Shack, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Jack's Bait Shack and over Plaintiff, Defendant Whittier is an employer as defined by 29 U.S.C. § 201 *et seq.*

## COVERAGE

8. At all times material during the last three (3) years, Defendant Jack's Bait Shack was an enterprise owned and/or operated by Defendants Koogle and Whittier, covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

9. At all times material during the last three (3) years, Defendants were an employer as defined by U.S.C. § 203(d).

10. At all times material during the last three (3) years, Defendant Jack's Bait Shack has been an enterprise owned and operated by Defendants Koogle and Whittier, engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. At all times material during the last three years, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level, which are separately stated).

## GENERAL ALLEGATIONS

12. Defendants employ numerous bartenders, bar backs, cooks, kitchen staff, and other staff.

13. Plaintiff worked for Defendants as a bartender for approximately 4.5 years through June 2017.

14. Defendants compensated Plaintiff at an hourly rate of pay, plus tips.

15. Defendants attempted to pay Plaintiff at a reduced gross hourly wage pursuant to §203(m) of the FLSA.

16. Defendants, in an effort to reduce labor costs, orchestrated a common policy and practice of requiring bartenders/tipped employees to contribute to a tip pool that included employees who do not customarily and regularly receive tips, such as back of house employees, kitchen staff, cooks, dishwashers, owners, and management.

17. Defendants also had a policy and practice of deducting bartender/tipped employee wages for walkouts and/or cash register shortages.

18. Defendants took and unlawfully shared Plaintiff's tips in violation of the FLSA, resulting in Plaintiff receiving compensation for hours worked at a rate which was below the mandated minimum wage.

19. Plaintiff was paid pursuant to a "tip credit" method and was paid the minimum wage minus the tip credit.

20. Defendants utilized the tip credit and paid Plaintiff under the applicable minimum wage. Notwithstanding Defendants' preference to pay Plaintiff through the tip credit, Defendants chose to require Plaintiff to contribute to a tip pool, which included employees who are not customarily tipped, and chose not to pay Plaintiff for all hours worked from her tips.

21. As a result of these policies, Plaintiff was not paid the required minimum wage for each hour worked and therefore, Plaintiff is entitled to receive $3.02 for each hour worked as repayment for the tip credit improperly deducted from their wages and all other tips illegally pooled.

22. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiffs are in the possession and custody of Defendants.

## COUNT I - FLSA

23. Plaintiff hereby incorporates by reference the allegations contained within paragraphs 1 through 22.

24. Plaintiff was entitled to be compensated at a rate at least commensurate with minimum wage for each hour worked during her employment with Defendants.

25. Plaintiff was also entitled to the full amount of tips earned through the employment.

26. Plaintiff was subject to illegal tip deductions, and required to provide her tips to employees who do not regularly and customarily receive tips, including management employees.

27. As a result of Defendants' actions in this regard, Plaintiff has not been properly compensated minimum wage for each hour worked, and has not received the full amount of the tips she earned during one or more weeks of employment with Defendants, because Plaintiff's hourly wages were wrongfully reduced below the applicable minimum wage requirement, and because tips Plaintiff earned were taken from her and unlawfully provided to employees, who do not customarily and regularly receive tips, including management.

28. Defendants willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because Defendants were well aware of the

minimum wage law requirements but continued their violations regardless. Defendants also willfully failed to pay Plaintiff the tips she earned because Defendants were well aware that tips are the property of the tipped employee and cannot be given to non-tipped employees or management.

29. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages and tips for one or more weeks of work with Defendants.

30. Defendants' failure to provide Plaintiff compensation at least commensurate with the applicable minimum wage requirement also constitutes a violation of the FLSA, 29 U.S.C. § 206.

31. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. award damages for the amount required to provide Plaintiff the appropriate minimum wage for all hours worked;

    b. award the payment of all tips Plaintiff earned/contributed to the tip pool;

    c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to (a) and (b) above;

    d. award post-judgment interest, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b);

    e. entry of final judgment against Defendants; and

    f. award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

_____
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
7935 Airport-Pulling Road N. Suite 205
Naples, Florida 34109
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*